MORGAN, Administrator, & Others *v.* HAMLET & Another.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE
ÉASTERN DISTRICT OF ARKANSAS.

Argued January 30, 1885.—Decided March 2, 1885.

The statute of Arkansas that ''All demands not exhibited to the executor or
administrator, as required by this act, before the end of two years from the
granting of letters, shall be forever barred''—begins, on the granting of let-
ters of administration, to run against persons under age, out of the State
with no guardian appointed within the State, and whose claims are alleged
to be founded in frauds which were not discovered until after the expira-
tion of the two years fixed by the act.

The facts which make the case are stated in the opinion of
the court.

*Mr. Solicitor-General* for appellants.

*Mr. U. M. Rose* filed a brief on behalf of appellees.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

This is a bill in equity filed by the appellants September 3,
1879. The complainants are the administrators *de bonis non*
of Samuel D. Morgan, deceased, and the children and heirs at
law and widow of the intestate, citizens of North Carolina.
The female defendants are the children and heirs at law of John
G. Morgan, deceased, sued with their husbands, and all citizens
of Arkansas.

The case alleged in the bill is substantially as follows:

In 1860 a partnership was formed between Samuel D. Mor-
gan and John G. Morgan, who were brothers, the former ad-
vancing the means, the latter being bankrupt, for stocking and
cultivating a cotton plantation in Arkansas, purchased in the
name of the firm, but paid for only in part. Samuel D. Mor-
gan continued to reside in North Carolina. John G. Morgan
lived on the plantation in Arkansas, and personally conducted
its operations. This he did during several years, including the
year 1865, when the plantation was sold, under judicial proceed-

ings, to pay the unpaid purchase money.. Samuel D. Morgan died in January, 1864. It is alleged that large profits were made by John G. Morgan, and particularly that after the death of his brother he continued in possession of the partnership property, conducted its business, and made profits amounting to $20,000. He rendered no account at any time of the business, and made no settlement of the partnership affairs, but it is charged that he converted the whole of the partnership property and profits to his own use.

John G. Morgan, in 1865, took out letters of administration on the estate of Samuel D. Morgan, in Ashley county, Arkansas, in which the plantation and partnership property were situated. The administration was closed in 1872.

John G. Morgan died in 1875, the defendants, his heirs at law, having come into possession of the property in his possession at his decease, more than sufficient to satisfy the claim of the complainants.

Of the complainants, Samuel T. Morgan became of age September 8, 1876, and William W. Morgan in May, 1878. They never had a guardian, and allege their ignorance of the frauds charged to have been practised against them by John G. Morgan until 1879.

The prayer of the bill is for an account, &c.

The answer of the defendants, though admitting the fact of such a partnership as alleged, denies that any profits were made, and denies all the allegations of fraud. It also shows that John G. Morgan died in April, 1875, leaving him surviving Emma S. Morgan, his widow, and the defendants, Alice R. Hamlet and Emma G. Abell, and Lula Morgan, an infant, his only children; that letters of administration were issued on his estate by the Probate Court of Chicot County, Arkansas, in which he lived at the time of his death, on August 6, 1875, to his widow, who acted as administratrix of his estate until October 13, 1875, when she resigned, and the defendant, John C. Hamlet, was appointed by the same court administrator *de bonis non*, and qualified and acted as such. And it is relied on as a defence that the demands made in the bill were not authenticated and presented to the administratrix or the administrator *de bonis non*

of John G. Morgan, deceased, according to law, within two years of the granting of letters of administration on his estate.

The cause was heard on the pleadings and proofs, and on final hearing the bill was dismissed. From this decree the complainants bring the present appeal.

In Arkansas it appears that there is a special statute of limitations governing claims against estates of deceased persons, commonly called the statute of non-claim. It is as follows:

" All demands not exhibited to the executor or administrator, as required by this act, before the end of two years from the granting of letters, shall be forever barred."   Dig. Ark. Stat. 1874, § 98.

It has been decided that the statute runs against all creditors, whether resident or non-resident. *Erwin* v. *Turner*, 6 Ark. 14.

And that all claims fall within the provisions of the statute that are capable of being asserted in a court of law or equity existing at the death of the deceased, or coming into existence within two years after the grant of administration, whether due or not, if running to a certain maturity.   *Walker* v. *Byers*, 14 Ark. 246.

And the effect of a failure to present the claim as prescribed in the statute, is not to let it in against the heirs or devisees, but it is to bar it forever as against all persons.   *Bennett* v. *Dawson*, 18 Ark. 334; *Brierly* v. *Norris*, 23 Ark. 771.

And in *Public Works* v. *Columbia College*, 17 Wall. 521, 530, in a like case, it was held by this court that a failure to present the claim is, in the absence of circumstances constituting an excuse, fatal to the bill for relief in equity.

It is sought, in argument on behalf of the appellants, to distinguish their case, at least the case of the two infant children of Samuel D. Morgan, from any case within the statute of non-claim, on the ground that at the death of their father, his title to the real estate, which constituted the plantation, descended to them as his heirs at law, and thereafter as to the operations conducted by John Morgan in 1864 and 1865, having no guardian, the latter was in equity their representative and guardian *de son tort* and trustee, so that upon his death, and until they

arrived at age, there was no one competent to make a demand against his administrator, within the terms of the statute.

But we are unable to appreciate the force of this supposed distinction. The statute in question contains no exception in favor of claimants under disability, of non-age, or otherwise; the claim of the complainants against John G. Morgan was adverse to his administration, although it may have originated in consequence of a relation of trust ; and there is no ground, that we are able to understand, on which it can be excepted out of the operation of the statute in question. Their claim was equally against the administrator of John G. Morgan, whether the latter be considered as the defaulting partner of themselves or of their father. Whatever its description, it was a claim against the estate of John G. Morgan, and for which his personal representative was in the first instance liable ; and the statute is a bar to every such claim, unless presented within the time prescribed.

On this ground, the decree of the Circuit Court is

*Affirmed.*