GLENN *v.* DORSHEIMER and others.[1]

SAME *v.* HUNT.[1]

SAME *v.* LIGGETT.[1]

SAME *v.* FOY.[1]

SAME *v.* PRIEST.[1]

SAME *v.* DAUSMAN.[1]

SAME *v.* VON PHUL.[1]

SAME *v.* SCOTT and another.[1]

SAME *v.* TAUSSIG and another.[1]

SAME *v.* TRIPLETT.[1]

SAME *v.* DIMMOCK and another.[1]

SAME *v.* NOONAN and others.[1]

SAME *v.* LUCAS and others.[1]

*(Circuit Court, E. D. Missouri.   July 15, 1885.)*

1. CORPORATION—STATUTE OF LIMITATIONS—LIABILITY OF STOCKHOLDERS IN CORPORATION WHICH HAS CEASED TO DO BUSINESS.

   Where an insolvent corporation assigns all its property, including unpaid stock subscriptions, to trustees for the benefit of its creditors, and ceases to do business, the liability of stockholders upon their subscriptions becomes absolute at once, "or at least within a reasonable time thereafter," and the statute of limitations begins to run in their favor as against the trustees.

2. SAME—WHEN CALL SHOULD BE MADE.

   *Semble,* that where such an assignment is made of the assets of a corporation, organized under the laws of a state under which the liability of stockholders only becomes absolute after a call, the trustees are bound to make the necessary call within a reasonable time, and the statute of limitations will begin to run from the expiration of that time, if no call is made.

3. SAME—BREACH OF TRUST—TRUSTEES AND SUCCESSORS ON SAME FOOTING.

   Where, in such cases, the original trustees are removed by a court of chancery, and new ones appointed in their place, the latter stand in the same position that the former would have occupied if unremoved, and the new trustees cannot excuse a failure to bring suit within the statutory period, in a suit against an innocent stockholder, on the ground that their predecessors willfully betrayed their trust, and confederated with the company's officers to secrete the company's books, conceal the names of stockholders, and impede the enforcement of creditors' claims.

4. SAME—LACHES.

   *Semble,* that where such trustees fail to proceed against estates fully administered upon, or in the course of administration, until between three and four years after a call is made, they will be guilty of laches, and cannot recover in a court of equity.

Demurrers to amended petitions and bill.   For opinion upon demurrers to original bills and petitions, see 23 FED. REP. 695.

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

The amended bills and petitions state, as excuses for the delay, that a receiver of the National Express Company's property was appointed by the United States circuit court for the district of Virginia under a bill filed September 8, 1866; that said receiver gave bond, and that the decree was not annulled until December 11, 1880, until which time it lay dormant; that the trustees did not take possession under the trust deed until November, 1866, until which time the corporation remained a going concern; that in 1866, soon after the execution of said deed, the assignees were enjoined by two courts, in suits by stockholders, from taking any action under the deed; that by a decree of the circuit court of the city of Baltimore, passed December 15, 1866, said trust deed was declared void, the trustees enjoined from proceeding under it, and a receiver appointed; and that the president of said company and its other officers, and the original trustees, combined among themselves to impede, delay, and prevent the enforcement of the claims of creditors of the company against its stockholders; and for that purpose all of the books and papers of said company were by one of said trustees carried beyond the limits of the states of Virginia and Maryland, where they had previously been kept, and beyond the reach of said creditors, and secreted, and the names of the Missouri stockholders were never learned by the present trustee or the stockholders until the suit in chancery in the circuit court of Richmond was revived.

*T. K. Skinker,* for plaintiff.

*W. H. Clopton,* for Dorsheimer, Foy, Priest, and Lucas, and others.

*C. M. Napton,* for Hunt.

*Smith & Harrison,* for Liggett and Dausman.

*Walker & Walker,* for Von Phul.

*Wilbur F. Boyle,* for Scott and others.

*Geo. W. Taussig,* for Taussig and others.

*Thos. C. Fletcher* and *Geo. D. Reynolds,* for Triplett, Noonan, and others.

*Dryden & Dryden,* for Dimmock and others.

*Noble & Orrick,* for Lockwood and others.

TREAT, J. At the former hearing of the demurrers in these cases the judges did not overlook the fact that the plaintiff was suing as assignee, and not as a creditor, but, in order to illustrate their views, considered briefly what would, under the circumstances, be the rights of creditors for whom the assignee was charged to act, if said assignee were negligent or false to his trust. Those views were *arguendo* in order to show that even the creditors of the defunct corporation had no just right of complaint against these debtors, even if the assignee had been faithless to his trust. The deed of assignment in 1866 by the corporation vested in the assignees thus appointed authority, and made it their duty, to proceed against the several stockholders to collect what was due on their respective subscriptions in order to meet the just demands against the corporation. That deed of assignment

was judicially upheld by the decree in Virginia, on which the plaintiff strenuously relies. He is merely successor in the trust of 1866, and his position is no better than that of his predecessors, and no worse. If, through neglect or laches, obligations had been discharged by lapse of time, the removal of the original assignees and the appointment of a successor could not revive them. When the statute of limitations began to run, it continued to run. As held in the former opinions, the causes of action against these defendants accrued at the date of the original assignment, in 1866, or at least within a reasonable time thereafter, and, consequently, unless some excuse is presented in the amended proceedings for the failure to sue prior to 1884,—that is, a valid excuse in law or equity,—the plaintiff's alleged causes of action are barred.

Many abstruse and complicated propositions have been presented in argument, with great learning and ability, concerning which cited cases are not fully in accord, but their decision is not necessarily involved in this case. The court discovers in the amended petitions and bills no averments taking the cases out of the rulings originally made. If it be that no cause of action accrued, technically, until a formal call was made, it is equally true that the assignees should have made the call in a reasonable time after the assignment, or caused the same to be made. They were charged with the duty, adversely to these defendants, to *collect* unpaid subscriptions, or so much thereof as their trust required; and whether the power to make the call remained in the moribund corporation, or was vested directly in themselves, or needed the aid of some chancery court, it was an essential part of their duty to proceed in the execution of their trust with due diligence. The various excuses for the long delay do not rest upon any concealment, fraud, or interference by defendants, and consequently they are not to be affected by what happened without their knowledge or consent. The conclusion is that the statute of limitations applies to all of these actions, legal or equitable.

If this were not so, the cases in equity would present the doctrine of laches as to the administration of decedents' estates. Suppose no cause of action accrued until the call made by the Virginia court in 1880. Why, then, the delay to proceed against estates theretofore fully administered, or in the course of administration, until the period prescribed by the Missouri statute had expired, to-wit, two years? The case of *Morgan* v. *Hamlet,* 113 U. S. 449, S. C. 5 Sup. Ct. Rep. 583, goes further than the requirements of these cases in equity, and is necessarily conclusive of the rights of the parties thereto.

Under any view as to the cases, either at law or in equity, the plaintiff's right of recovery is barred. Demurrers sustained.