Stults, Administrator, *v.* Forst *et al.*

Filed Oct. 18, 1893.

—————◆—————

No. 16,340.

STULTS, ADMINISTRATOR, *v.* FORST ET AL.

DECEDENT'S ESTATE.—*Claim Against.*—*Former Adjudication.*—*Plea in Bar.*—*Dismissal Without Prejudice.*—*Judgment.*—*Final Adjudication.* —Where a claim is filed against a decedent's estate, an issue formed, the case submitted to the court for trial, and the court takes the case under advisement, and, after several days, being fully advised in the premises, dismisses it, or disallows it, charging the costs to claimant, such judgment having never been set aside nor appealed from, the case has been decided upon its merits, and is a final adjudication, and is sufficient to bar another action, it having none of the characteristics of a nonsuit, or dismissal without prejudice.

SAME.—*Claim.*—*Final Adjudication.*—*Time of Filing.*—*Exceptions.*— Even if the judgment as above mentioned was not a final adjudication, but authorized a refiling of the claim, the claim could not be filed against the estate after thirty days before final settlement, unless the claim falls within the exceptions authorizing suits against heirs and distributees.

From the Huntington Circuit Court.

*B. M. Cobb, C. W. Watkins, G. W. Stults, H. B. Sayler, S. M. Sayler* and *J. M. Sayler,* for appellant.

*J. B. Kenner* and *U. S. Lesh,* for appellees.

HOWARD,* J.—The facts in this case, as found by the court, and not questioned by the parties, are as follows:

1. That Conrad Forst died in Huntington county, Indiana, intestate, on May 15, 1873, leaving as his heirs at law his widow, Sarah Forst, and their children, the appellee Alfred Forst and others, and seized, in fee, of certain described real estate, being eighty acres of land in said county; that one John Stults was appointed administrator of said estate; and there being no assets in his hands to pay certain indebtedness of the estate, in pursuance of a petition and order of court, he sold the undivided two-thirds of said land to pay such indebtedness.

2. That said sale was made, after due and proper notice, on the 17th of April, 1878, to one Joseph C. Best, a son-in-law of the administrator, for sixteen hundred dollars; that the administrator reported the payment of the purchase-money to court, executed to the purchaser a deed for the land, and, on the 15th day of October, 1878, made his report in final settlement of said estate, and was discharged from his trust.

3. That on the 18th day of February, 1879, Joseph C. Best conveyed said land to John Stults, said former administrator; and immediately thereafter said Stults entered into possession of said real estate.

4. That on the 29th of October, 1880, in a suit brought by Sarah Forst, widow aforesaid, against John Stults, Joseph C. Best and others, upon a complaint in the Huntington Circuit Court, wherein it was alleged that the sale made by John Stults, administrator, to Joseph C. Best, of said land, which was afterwards sold by said Best to said Stults, was a fraudulent and sham sale, and that the same was the result of a collusion between said Stults and Best to defraud the widow and heirs of said decedent, that it was a sale by the administrator to him-

self, to which complaint an answer in general denial was filed; said sale was, by agreement, set aside and held invalid, which agreement was so made by the parties after it was ascertained by them that the land had been wrongfully described in the notice of sale.

5. That a part of the prayer of the complaint mentioned in the last finding was that the final settlement made by said administrator, John Stults, be set aside, and the estate of said decedent be reinstated; that pending such further administration John Stults died, on November 4, 1881, and Harmon W. Stults, the appellant, was appointed administrator of the estate of the said John Stults.

6. That on the 19th day of January, 1882, William Brown was appointed administrator *de bonis non* of the estate of Conrad Forst, and, on the 2d day of September, 1882, the appellant, as administrator of the estate of John Stults, filed a claim in the Huntington Circuit Court against the estate of Conrad Forst, in which claim appellant demanded $2,029.32, principal and interest of purchase-money paid for said land, the sale of which had been set aside, as aforesaid; that said $2,029.32 was and is the identical matter claimed by the complaint in this case; that on said claim an issue was formed, and the same was, at the January term, 1886, of said court, submitted to the court for trial, a jury being waived. And the court took the same under advisement until the 18th day of February, 1886, and being fully advised in the premises, dismissed the claim, and the costs thereof were charged to the claimant, appellant herein; that this judgment of dismissal has never been appealed from, modified, vacated or in any manner set aside, but is still in full force.

7. That the claim set out in the preceding finding is

the identical claim on which recovery is sought in this case, and the parties are the same.

8. That on said 2d day of September, 1882, the appellant filed a complaint against said William Brown, administrator *de bonis non* of the estate of Conrad Forst, to compel him to execute a deed to the heirs of said John Stults for the undivided two-thirds of said real estate, and said Brown, administrator, filed his demurrer to said complaint, which demurrer was sustained by the court. On an appeal from this ruling, to the Supreme Court, the judgment of the lower court was affirmed. *Stults v. Brown, Admr.*, 112 Ind. 370.

9. That on the 20th day of February, 1886, during the pendency of said appeal in the Supreme Court, the said Brown filed his final report and resignation as such administrator *de bonis non*, which report and resignation were, at the time, accepted and approved by the court, and said administrator discharged upon the payment by the heirs of certain debts and costs of administration, appellant's said claim not being included in said debts. Since said resignation and final report there has been no administrator of said estate.

10. That the heirs of Conrad Forst paid all the debts and costs of administration so ordered, when said report and resignation were accepted and approved, but did not pay the claim in suit.

11. That out of the moneys reported as received from Joseph C. Best, John Stults, as administrator, before July 1, 1878, paid judgments of record against Conrad Forst, his decedent, amounting to $690.44, and, that prior to said sale to said Best, he had overpaid on claims against said estate the sum of $75; that prior to said July 1, 1878, said Stults, administrator, paid out of moneys reported from said sale of real estate, on alleged claims against said estate, the further sum of $840.40,

but that none of such claims, except the judgments aforesaid, were of record; that said claims were not filed as claims against said estate, nor had they been allowed by the court or by the administrator of record, and nothing appears to show whether the alleged claims were valid claims against said estate or not, except the receipts for the payment thereof.

12. That the claim sued on in this cause accrued within fifteen years prior to the commencement of this suit, which was begun on the 10th day of January, 1889; that no part of the claim sued on herein accrued within the period of six years prior to the commencement of this action.

13. That on April 15, 1882, in a proceeding for partition, in the Huntington Circuit Court, by Sarah Forst, widow, against the children of said decedent, there were set off to the widow, in severalty, in lieu of her undivided one-third interest in said land, 26⅔ acres off the west side thereof, leaving subject to any claim appellant may have 53⅓ acres off the east side.

14. That John Stults paid, in discharge of judgments mentioned in finding numbered eleven, the aggregate sum of $690.44, which, with interest, amounts to $1,-125.41, no part of which was ever repaid to him or to appellant.

15. That after said claim was dismissed, as set out in finding numbered six, and after said administrator *de bonis non* had been discharged, the appellee Alfred Forst, in good faith, purchased of the widow of Conrad Forst, and of the children of said decedent, except the undivided two twenty-sevenths part thereof owned by the minor appellees, all the real estate referred to in finding numbered one; that at the date of said purchase the claim in suit was not pending, but that said Alfred Forst then knew that the same had not been paid.

Upon these findings of fact, the court found conclusions of law as follows:

"Upon the foregoing facts, the court concludes that the law, in this case, is with the defendants; that the plaintiff herein ought not to recover, and that the defendants are entitled to judgment in their favor against the plaintiff, for costs; and that this action can not be maintained against the children and heirs at law of Conrad Forest, deceased."

The errors assigned and discussed by counsel relate wholly to the correctness of the conclusions of law.

Counsel for appellant lay stress on certain statements made in the opinion of this court on the former appeal, *Stults* v. *Brown, Admr., supra.* That was a suit for specific performance, to require the administrator to execute a deed to the heirs of John Stults for the land which he had intended to sell, as administrator, to Joseph C. Best.   The court held, that the demurrer to the complaint was well taken; that the complaint did not state facts sufficient to entitle the appellant or the said heirs to an order on the administrator for a deed; that they were not entitled to a deed on a sale which had been found invalid by the court.

Nothing further than the ruling upon the demurrer to the complaint was before this court on that appeal.  The complaint was held insufficient, and nothing more was decided, or could be decided.

What was said in that opinion by way of suggestion, however, that "upon a petition showing the same facts as those stated in the one before us, and showing, in addition, a denial of the lien and a refusal to enforce it, the appellants would make a *prima facie* case, entitling them to an order directing the appellee to sell the land," is rather an intimation from the court that any claim which appellant or the said heirs might have, was in the

nature of a claim against the estate of Conrad Forst, and that, on the allowance of such claim by the administrator or by the court, an order might be had for the sale of the lands of said decedent to make assets for the payment of such claim.

But the facts shown in the findings in this cause present very different questions. A right is one thing; a remedy is quite another. If appellant and the heirs of John Stults had the right claimed in the former appeal, and also claimed in this appeal, it would seem that the remedy suggested in that opinion was the very one sought by them in filing their claim against the estate of Conrad Forst, as set forth in finding six in this case. That the filing of the claim, and its submission to the court for trial, resulted in its disallowance and dismissal, is not an indication that they did not, in that case, pursue the proper remedy, but, rather, that the right itself did not exist.

The statute for filing claims against a decedent's estate, in force at the time of bringing this suit, and also at the time of bringing the former suits, involving the same claim (section 2310, R. S. 1881; Elliott's Supp., section 385), contains the following provision: "No action shall be brought by complaint and summons against the executor or administrator of an estate for the recovery of any claim against the decedent; but the holder thereof, whether such claim be due or not, shall file a succinct and definite statement thereof in the office of the clerk of the court in which the estate is pending. * * * And if not filed at least thirty days before the final settlement of the estate, it shall be barred, except as hereinafter provided, in case of the liabilities of heirs, devisees and legatees."

Section 2442, of said revised statutes, provides that: "The heirs, devisees, and distributees of a decedent shall

be liable, to the extent of the property received by them from such decedent's estate, to any creditor whose claim remains unpaid, who, six months prior to such final settlement, was insane, an infant, or out of the State; but such suit must be brought within one year after the disability is removed: *Provided,* That suit upon the claim of any creditor out of the State must be brought within two years after such final settlement."

If this claim had never been filed against the estate of Conrad Forst, it would seem that these sections of the statute would be conclusive against appellant. His claim, as against the heirs, does not fall within any of the exceptions made by the statute; and one who, without excuse by reason of some statutory disability, fails to file his claim against a decedent's estate before final settlement, is barred of any right of action against the heirs. *Cincinnati, etc., R. R. Co.* v. *Heaston,* 43 Ind. 172.

Counsel, however, insist that this is a suit on a vendee's lien; and, therefore, well brought. We are at a loss to know how this contention, even if well founded, can avail appellant. We do not doubt that a suit to enforce a vendee's lien, based upon a purchase made in good faith at an invalid sale of real estate, may, as in the case of a purchase at an invalid tax sale, be brought in fifteen years from the time when the right of action accrued. *Montgomery* v. *Aydelotte,* 95 Ind. 144.

But such question does not arise in this case. The decedent's estates act provides specially for the collection of claims against estates, and the remedy there provided must be pursued. All claims, whether due or not, must be filed in the office of the clerk of the court in which the estate is pending. Section 2310, *supra.*

And as to liens, it is provided, in the same section, that "If the claim be secured by a lien upon all or any

part of the real or personal estate of the deceased, such lien shall be particularly set forth in such statement, and a reference given to where the lien, if of record, will be found.''

It remains only, therefore, to inquire whether the claim as filed by appellant against the estate of Conrad Forst, as set out in the sixth finding of the court, has been finally adjudicated.

Counsel for appellant say there has been no adjudication of the claim.

In the sixth finding of the court, it is said that on the 2d day of September, 1886, the appellant filed a claim for $2,029.32, which was, and is, of the identical matter claimed in this case, against which claim an issue was formed, and the same was, at the January term, 1886, of said court, submitted to the court for trial, a jury being waived, and the court took the same under advisement until the 18th day of February, 1886, when the court, being fully advised in the premises, dismissed the claim and charged the costs against appellant, and that this judgment has never been appealed from, modified, or vacated, or in any manner set aside, but is still in full force.

And, in its seventh finding, the court said that said claim, as set out in the sixth finding, is the identical claim on which a recovery is sought in this case, and that the parties are the same.

These findings seem to us to show a final adjudication of the claim.

If the administrator, through mistake, out of moneys received on an invalid sale of his decedent's property, had paid certain judgments of record against the decedent, he was entitled, on proper showing, to file his claim for reimbursement against the estate for such mistaken

payments, made in good faith. This he did. His claim was submitted to the court, duly tried, taken under advisement, and decided against him. That judgment stands unappealed from. The representative of the administrator can not now bring another suit on the same matter against the heirs of the estate. There must be some end to the litigation, some final settlement of the estate.

But counsel say that the findings show only a dismissal of the claim. This is to dispute about words, rather than to reason upon things. Perhaps the more appropriate word to have used would be disallowed, instead of dismissed, although the term dismiss is quite commonly used to show the rejection of a claim against an estate.

Section 333, R. S. 1881, provides for the cases in which an action may be dismissed without prejudice. None of the cases mentioned in that section existed in the trial and decision of this claim. The section concludes that "In all other cases, upon the trial the decision must be upon the merits." And so, in this case, the decision was upon the merits. Certainly, there was no voluntary nonsuit, and, under our practice, the court had no power to order an involuntary nonsuit. *Williams* v. *Port,* 9 Ind. 551.

Indeed, the disposition made of the claim by the court had none of the characteristics of a nonsuit, but had all those of a judgment on the merits. Neither party asked for a dismissal, nor was the claim dismissed by the court without prejudice. An issue was formed, the cause was submitted to the court for trial, the court took the case under advisement, and, after several days, being fully advised, dismissed, or disallowed, the claim, charging the costs to the claimant. This judgment was never set aside, and never appealed from. It is clear that there has been a final adjudication of the case upon its merits.

Stults, Administrator, *v.* Forst *et al.*

Even if the judgment of dismissal were not a final adjudication, however, but authorized the refiling of the claim, as we do not think, still the appellant could not recover; for the reason that such claim could not be filed against the estate after thirty days before the final settlement, and the claim does not fall within any of the exceptions authorizing suits against heirs and distributees.

. We do not say that there may not be cases where equity would interfere in favor of a claim brought after the settlement of an estate, even if the claimant were not authorized by the statute to bring suit against the heirs or devisees; but we do not think that this is such a case.

In the settlement of this estate, and the payment of claims, the provisions of the law were in many respects not complied with. The sale to his son-in-law, by the administrator, and the resale, soon after, to the administrator, while not necessarily collusive or fraudulent, was, to say the least, of questionable propriety. Then it appears that this decedent died May 15, 1873; that the administrator was appointed June 10th, thereafter; that the invalid sale of real estate was made April 17, 1878, and that the estate was finally settled February 20, 1886.

It is not the policy of the law that estates should remain so long in the hands of administrators, subject to possible mismanagement and neglect and to almost inevitable waste. The ancestor's property should be placed in the hands of its owners with as little delay as may be.

The claim in this case shows very little equity or diligence.

The court did not err in its conclusions of law upon the facts found.

The judgment is affirmed.

DAILEY J., took no part in the decision of this case.

Filed Oct. 18, 1893.