## HALE v. COFFIN.

(Circuit Court of Appeals, First Circuit.    January 13, 1903.)

### No. 441.

1. WILLS—LIMITATION OF ACTION TO CHARGE LEGATEE—MAINE STATUTE.

The statute of Maine (Rev. St. Me. c. 87), which provides that, where a claim against the estate of a decedent is not filed in the probate office as therein authorized, "the claimant may have remedy against the heirs or devisees of the estate within one year after it becomes due," is a statute of limitations applicable to all claims founded upon a legal demand, in whatever court they may be asserted, state or federal, and whether in an action at law, which is recognized by the practice of the state as a proper remedy, or whether cognizable in a federal court of equity, independent of statute.

2. SAME.

In the absence of fraud, the fact that a claimant is a nonresident of the state does not prevent his claim from being barred by such statute.

3. EQUITY—APPLYING STATUTE OF LIMITATIONS—SUIT ON LEGAL DEMAND.

A proceeding to enforce the statutory liability of a stockholder, whether at law or in equity, is based on a legal, and not an equitable, right; and,

where the right to enforce it at law is barred, a court of equity will apply the same limitation by analogy.

Appeal from the Circuit Court of the United States for the District of Maine.

For opinion below, see 114 Fed. 567.

William E. Hale, M. H. Boutelle, and E. W. Freeman, for appellant.

Joseph A. Locke and Ira S. Locke, for appellee.

Before COLT, Circuit Judge, and ALDRICH and BROWN, District Judges.

ALDRICH, District Judge. This is a suit in equity to follow the properties of a deceased stockholder, and to charge a legatee, or the property by her received as heir and legatee, to satisfy stockholder liability. The cause was submitted in the court below upon the pleadings and an agreed statement of facts.

The answer of the defendant sets out, and the facts in this respect are not controverted, that the estate, of which she was an heir and a legatee under the will, of Mary A. Ripley, a stockholder in the Northwestern Guaranty Loan Company, was finally settled by the executor more than two years before the proceedings were instituted, and that the personal representative of the deceased, Mary A. Ripley, was discharged prior to the filing of the plaintiff's bill.

It was admitted by the plaintiff that no notice of the claim in question was ever given or demand made upon the executor within two years and six months from the time of giving notice of his appointment, and that the claim was not filed in the probate court within such period of two years and six months. It was also admitted by the plaintiff that the property received by the legatee and devisee under the will came into her hands before August, 1897; that he did not bring any action or make any claim, either within a year after the final decree in which the plaintiff was appointed receiver in the proceeding in Minnesota, or within a year after the distribution of the Mary A. Ripley estate; and the bill herein was filed June 27, 1900. The point was taken in the answer that the claim was barred by the statute of limitations, and we need only consider this question.

The position of the plaintiff is that his right is one enforceable under the principles of original chancery jurisdiction and procedure in the federal courts, and that it is not susceptible of limitation or modification by state law; that the limitation contained in the Maine statute is a statutory limitation of a statutory right, and does not, therefore, operate as a bar to this proceeding in equity.

We cannot accept this view, and we will first consider the cases on which the plaintiff relies. The cases cited by the plaintiff in support of the position that the Maine statute does not operate as a limitation upon this proceeding may be fairly enough grouped under two heads: First, those which relate to insolvency proceedings in the state courts, based upon state statutes, where it is held that local laws and proceedings in the insolvency courts do not operate to bar the rights of parties outside the state, or proceedings in the federal

courts, to enforce such rights. The leading case cited in this group is that of Suydam v. Broadnax, 14 Pet. 67, 10 L. Ed. 357. This case and others in that class proceed upon the idea that the rights of parties and the jurisdiction of federal courts cannot be impaired by the insolvency laws of a state. The other group of cases, in which is Payne v. Hook, 74 U. S. 425, 19 L. Ed. 260, speaking generally, sustain the idea that state laws conferring jurisdiction upon certain courts within the state, like probate courts, to the exclusion of courts of law and equity within the state, cannot limit or restrain the law or equity jurisdiction or the remedies conferred upon the federal courts by the constitution and the statutes of the United States.

While some of the general expressions used in the cases referred to, when not considered in connection with the point there under consideration, would seem to sustain the position of the plaintiff, we do not look upon such authorities as applicable to the situation involved in this case. The defense relied upon here is not based upon any limitation growing out of insolvency laws or insolvency proceedings, nor is it based upon the idea that equity jurisdiction of the federal courts is limited to the jurisdiction exercised by the probate courts or the courts of equity in the state of Maine, but upon a statute of limitations, which it is claimed is applicable to all cases within its provisions and to all courts alike. In this view, it is not deemed necessary to inquire with particularity whether a right like the one now asserted by the plaintiff was cognizable in equity, independent of statute, or whether the effect of the statute was to give an additional and cumulative remedy at law.

For the purposes of this case, we may assume, without consideration and without decision, both of these positions as claimed by the plaintiff; for in our view the statute in question should be accepted as a statute of limitations, applicable to all claims of this nature, in whatever court they may be asserted, whether in an action at law, based upon the statutory right of action, or in a proceeding in equity, prosecuted under the rules of chancery. The statutory limitation does not restrict itself to remedy at law. The language of the statute is:

"When such claim has not been filed in the probate office within said two years, the claimant may have remedy against the heirs or devisees of the estate within one year after it becomes due." Rev. St. Me. c. 87, § 16.

And thus, under reasonable construction, the language is broad enough to include remedy in equity as well as at law.

The usual remedy, and perhaps the uniform remedy in Massachusetts and Maine, for the enforcement, against heirs and devisees, of a claim founded upon a legal right, has been at law; and the statute in question has been accepted as a limitation of the time in which the claim could be asserted. It would be a very strange condition, and one which would offend public policy in respect to estates and properties of a deceased person, if the same legal right, which could only be enforced at law within a year, could be enforced in equity without regard to such limitation.

The liability of heirs and devisees, or of the property distributed to them, to be impressed with a trust in behalf of the creditors, speak-

ing generally, is old; but liability upon a contract like the one upon. which the plaintiff's right in this case rests is new. The right sought to be enforced is, strictly speaking, a legal one of recent statutory origin. And in this sense the plaintiff employs an equitable remedy to enforce a new and strictly legal right; that is to say, remedy in equity to enforce the right of stockholder liability, which is a strictly legal right resulting from modern statutory and contractual relations.

As has already been said in effect, a situation whereby a strictly legal right, which could only be enforced at law if asserted within a year, can be enforced by resort to equity, without regard to the statutory limitation of a year, would present an anomalous condition, and one repugnant to the spirit of a well-understood public policy, which requires that claims against estates and properties of deceased persons should be restricted to narrow limits in respect to time, and it could only be justified by weighty equitable considerations, springing from the peculiar and special circumstances of a particular case, clearly and unmistakably calling for equitable interposition. It was manifestly intended, on grounds of public policy, to limit rights of action against heirs and devisees to the period of one year, and it is probable that the limitation was intended to operate upon all remedy for the enforcement of such rights, and that it was never intended to limit the legal remedy, and leave the right to be enforced in equity, without regard to the statutory limitation of one year. Under the circumstances of this case, why should equity broaden or extend the legal right beyond its status as a strictly legal right? Why should not the bar at law operate by analogy in equity? Willard v. Wood, 164 U. S. 502, 520, 17 Sup. Ct. 176, 41 L. Ed. 531.

No point is taken by the defendant that the limitation is a condition precedent to the right, and therefore that compliance therewith should be alleged, so there is no occasion for us to consider that view of the statute. The defense of the statute of limitations was taken in the answer, and it is admitted that no claim was made upon the legatee, and that this proceeding was not instituted within the year, the period after which it is clear that remedy at law was barred.

It is not necessary to determine the precise question whether the statute under consideration is, strictly and technically speaking, a general statute of limitations. It is quite sufficient to say that the statute has been accepted as one founded upon wise public policy, and that the period of a year in which to assert the right against heirs and devisees has been treated in Maine, and in Massachusetts, from which the statute was borrowed, as a limitation upon the remedy, and as a bar against the right, unless asserted within the statutory period. Sampson v. Sampson, 63 Me. 328; Baker v. Bean, 74 Me. 17, 21; Fowler v. True, 76 Me. 43, 45–49; Webber v. Webber, 6 Greenl. 127, 137, 138; Royce v. Burrell, 12 Mass. 398; Howes v. Bigelow, 13 Mass. 384, 389; Hall v. Bumstead, 20 Pick. 2. Statutory limitations in respect to estates of deceased persons are more stringently enforced, both at law and in equity, than those of the general statutes of limitations. Bank v. Fairbank, 49 N. H. 139; Atwood v. Bank, 2 R. I. 191.

There being no suggestion of fraud, the statute in question operates upon the plaintiff's right, although he is not a resident of the state of Maine. In re Marston, 79 Me. 25, 41, 8 Atl. 87; Wells v. Child, 12 Allen, 333, 336; Sykes v. Meacham, 103 Mass. 285; In re Broderick's Will, 21 Wall. 503, 519, 22 L. Ed. 599; Morgan v. Hamlet, 113 U. S. 449, 5 Sup. Ct. 583, 28 L. Ed. 1043.

While, as has been seen, jurisdiction in the federal courts, and proceedings in equity therein, cannot be limited or affected by state legislation, the right of a state to fix a limit upon the time in which relief may be sought has been recognized in the federal courts, and the limit enforced in accordance with the interpretation placed upon it by the highest courts of the states. Bank v. Heilman, 30 C. C. A. 232, 86 Fed. 514; Moores v. Bank, 104 U. S. 625, 26 L. Ed. 870; Morgan v. Hamlet, 113 U. S. 449, 5 Sup. Ct. 583, 28 L. Ed. 1043; Bank v. Eldred, 130 U. S. 693, 696, 9 Sup. Ct. 690, 32 L. Ed. 1080; Bauserman v. Blunt, 147 U. S. 647, 13 Sup. Ct. 466, 37 L. Ed. 316; Telegraph Co. v. Purdy, 162 U. S. 329, 339, 16 Sup. Ct. 810, 40 L. Ed. 986; Security Trust Co. v. Black River Nat. Bank (decided by the supreme court December 1, 1902) 23 Sup. Ct. 52, 47 L. Ed. ——.

Statutory limitations upon personal actions have been generally accepted as governing proceedings in equity, when such procedure has been employed to enforce a legal right. McDonald v. Thompson, 184 U. S. 71, 22 Sup. Ct. 297, 46 L. Ed. 437; Metropolitan Nat. Bank v. St. Louis Dispatch Co., 149 U. S. 436, 448, 13 Sup. Ct. 944, 37 L. Ed. 799; Willard v. Wood, 164 U. S. 502, 520, 17 Sup. Ct. 176, 41 L. Ed. 531; Baker v. Cummings, 169 U. S. 189, 206, 18 Sup. Ct. 367, 42 L. Ed. 711; In re Broderick's Will, 21 Wall. 503, 518, 22 L. Ed. 599; See, also, Boyd v. Blankman, 29 Cal. 19, 44, 87 Am. Dec. 146; Chewett v. Moran (C. C.) 17 Fed. 820, 823; Insurance Co. v. Brown, 11 Mich. 265.

In the last-mentioned case, it is said by Mr. Justice Campbell that:

"The statute of limitations is confined to actions or suits to enforce payment of the contract as a personal demand. Equity follows the analogies of the law in all cases where an analagous relief is sought upon a similar claim."

It is only where the right is in the nature of an equitable right, and the remedy an equitable one, that equity follows its own rules, in disregard of and to the exclusion of the analogies of the law. Tiernan v. Rescaniere's Adm'rs, 10 Gill & J. 217, was a case in equity, and it was there said, at page 223:

"So far as regards the recovery of the money received by the respondents, the complainant might have had redress by an action in a court of common law, in which tribunal it would have been barred by the statute of limitations, more than three years having elapsed between the receipt of the money and the filing of the bill. * * * Unless the bill is more comprehensive, from its peculiar allegations and the relief sought, than an action for money had and received, the complainant is equally barred in equity as at law; a court of equity adopting by analogy the statute of limitations."

To the same effect is Lansing v. Starr (a proceeding in equity) 2 Johns. Ch. 150, where it was said that "the statute of limitations

is a good plea in bar, in this court, as well as at law, to an action on the note." The rule was stated by Chancellor Kent as a general one, and it was there observed "that there must be something special in the case, or some new equity, to form an exception to this general rule."

We see no special reason in this case for the interposition of equity to extend the remedy beyond the limitation placed upon the right of remedy by the state statute as administered by the local courts. The only ground for seeking to enforce the right in equity is that the statute has run upon the remedy at law. This, we think, is not sufficient to justify the interposition of the equitable arm to extend a remedy for the enforcement of a legal right beyond its status at law.

The decree of the circuit court is affirmed, with costs for the appellee.