## HUMPHREYS v. WALSH et al.

(Circuit Court of Appeals, Third Circuit. February 19, 1918.)

No. 2294.

1. EXECUTORS AND ADMINISTRATORS ⬤═421—ACTION TO IMPRESS TRUST ON ASSETS IN HANDS OF DISTRIBUTEE—EQUITABLE CHARACTER OF ACTION.

An action by the executor of the payee of a note against the distributee of the maker's personal estate, to impress a trust upon a portion of the estate, and to hold the distributee as trustee in respect thereto, under duty to assign and transfer to the payee's executor to the amount of the note, was an action purely in equity, to enforce a purely equitable obligation against one who owed plaintiff no legal duty.

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. EXECUTORS AND ADMINISTRATORS ⚖=423—SUIT TO SUBJECT ASSETS IN HANDS OF DISTRIBUTEE—CAUSE OF ACTION.

The cause of action was not the debt of the distributee's ancestor on the note, but was the distribution of the ancestor's estate to the distributee many years after.

3. LIMITATION OF ACTIONS ⚖=36(1)—STATUTE OF LIMITATIONS—APPLICATION—ACTION NOT AGAINST DEBTOR.

A statute of limitations, with a saving clause as to nonresidence of a debtor, applicable to action on a debt against the debtor, is not applicable to an equitable cause of action to subject a portion of the assets of the debtor's estate in the hands of a distributee to payment of the debt.

4. EQUITY ⚖=87(1)—LACHES—STATUTES OF LIMITATION.

In applying the doctrine of laches in equity actions, federal courts are not bound by statutes of limitation of the forum, even when such statutes are applicable by their terms to such actions. Though in actions at law the federal courts are bound by the literalism of statutes of limitation, in equity the question of unreasonable delay within the statutory limitation is still open, and to be determined by the circumstances of each particular case; and even where a statute of limitations exists, and has been made applicable in general terms to suits in equity, defendant may avail of plaintiff's laches, though the time fixed by the statute has not expired.

5. EQUITY ⚖=87(1)—LACHES—STATE STATUTE OF LIMITATIONS—EXCEPTION OF STATUTE.

If the limitation of an applicable state statute yields to the doctrine of laches as applied by federal courts, an exception of the statute saving a right of action also must yield, when the statute itself falls before a doctrine with which it is in conflict.

6. EQUITY ⚖=72(1)—"LACHES."

In legal significance, "laches" is not mere lapse of time, whether greater or less than the precise time of a statute of limitations; it is delay for such time as makes the doing of equity either impossible or doubtful, as involves the inequity of permitting a claim to be asserted after the death of parties, change of title, or intervention of the rights of others, where, in consequence, evidence has been lost or become obscured, the discovery of the truth is made difficult, and the party attacked is placed in a position of evident disadvantage.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Laches.]

7. EQUITY ⚖=78—ACTION TO IMPRESS TRUST ON ASSETS IN HANDS OF DISTRIBUTEE—LACHES—EXCEPTION OF STATUTE OF LIMITATIONS.

Where the maker and payee of a note were both dead, suit by the payee's executor and residuary legatee against the distributee of the maker's personal estate, to impress a trust on assets received in the distribution for application to payment of the note, was barred by laches, where brought 33 years after the claim could have been asserted against the maker of the note, 15 years after it could have been proved against his estate in the hands of his administrator, and 14 years after it could have been asserted against the distributee himself, and was not saved in equity by any exception of a statute of limitations as to nonresidence of debtors, even if applicable by analogy.

Appeal from the District Court of the United States for the District of New Jersey; Thos. G. Haight, Judge.

Suit by Edward W. Humphreys against Julia M. Walsh and another. From a decree dismissing the bill, plaintiff appeals. Affirmed.

⚖=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Martin Conboy, of New York City, for appellant.

Frank S. Katzenbach, Jr., of Trenton, N. J., and M. E. Harby, of New York City, for appellees.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. The question in this case concerns the defense of laches in an equity action as affected by a state statute of limitations, which, if applicable by analogy, purports to save the right of action throughout the non-residence of the defendants. The case is before us on appeal from a decree, whereby the District Court, disregarding the statute, dismissed the bill on the ground of laches. The averments of the bill are in substance as follows:

In 1882, Edward Walsh, Jr., gave Solon Humphreys his promissory note for $42,825.65, payable six months after date. In 1900, Solon Humphreys died testate, after naming the plaintiff his executor and residuary legatee. In 1901, Edward Walsh, Jr. died intestate, leaving to survive him, as his next of kin, a widow and son, the defendants in this suit, to whom, after administration, his estate was distributed. Edward J. Walsh, the son—who is the only defendant served in this suit and is therefore the only one we shall consider—received in the distribution certain shares of the Mississippi Glass Company, the value of which exceeds the amount involved in this litigation.

It is averred that the note remains due and unpaid, but it is not averred that demand for payment was ever made by either the payee or his executor upon either the maker or his administrator, or upon the defendant in this action as a distributee of the maker's estate before the filing of the bill in 1916.

Edward Walsh, Jr., the maker of the note, was a resident of the State of Missouri to the date of his death, and Edward J. Walsh, the defendant, was a resident of the same state from the death of his father to the date of service in this suit. Solon Humphreys, the payee of the note, and Edward W. Humphreys, the plaintiff, were at all times residents of the State of New Jersey. The estates of the maker and payee were administered respectively in the states of their domicile.

The object of the bill is to follow the debtor's personal estate into the hands of the distributee and impress upon it a trust for the payment of the debt. March v. Russell, 3 Mylne & Cr. 31; Alexander v. Russell, 3 Russ. 136; O'Donnell v. McCann, 77 N. J. Eq. 188, 194, 75 Atl. 909; Coddington v. Bispham, 36 N. J. Eq. 224; Harris v. White, 5 N. J. Law, 422; Continental National Bank v. Heilman, 86 Fed. 514, 516, 30 C. C. A. 232.

The defendant moved to dismiss the bill on the ground that in bringing suit thirty-three years after the debt had become due and fourteen years after the defendant had succeeded to the estate of the debtor, the plaintiff is guilty of laches and is without right to maintain this action in equity. To this the plaintiff pleaded the non-residence of the debtor and of the defendant and the protection of a saving clause of the statute of limitations of the State of New Jersey, which

suspends the operation of the statute against non-resident debtors and saves the right of action so long as non-residence continues. The plaintiff rests his case on the one contention that the New Jersey statute limiting actions at law applies by analogy to this action in equity, and that the exception of the statute, therefore, is available to him and constitutes a valid excuse for a delay in bringing the suit, which, otherwise, he concedes, would be laches.

The discussion in the court below and in this court on appeal was addressed exclusively to the applicability of the cited statute and to the plaintiff's right to sit passively under its protection and await the appearance of the defendant in New Jersey—the plaintiff's jurisdiction—without first resorting to an action on the note against the debtor or against the distributee of his estate in Missouri—the jurisdiction of the debtor and of the distributee. But as we view the case it involves other considerations, and turns, we think, firstly, upon the question, not whether the cited statute of limitations should be applied to this case, but whether that statute embraces an action which so resembles this action that the statute can be applied to it by analogy; and it turns, secondly, upon the broad equitable defence of laches, with respect to which the statute of limitations relied upon, even if applicable by terms or analogy, is a minor consideration.

[1-3] The nature of this action and the particular party defendant have important bearings on the question involved. It is pertinent to note that the action is not against the debtor or against his personal representative and that it is not on the note to recover the debt—for obviously the law adequately affords the plaintiff such a remedy—but the action is against one who has succeeded to the debtor's personal estate, and is brought in equity to impress a trust upon a portion of the estate (specifically described as stock of the Mississippi Glass Company) and to hold the defendant as trustee in respect thereto under duty to assign and transfer the same to the plaintiff to the amount of the debtor's promissory note with interest.

On the plaintiff's own showing, the action is purely one in equity, brought to enforce an obligation purely equitable in character against one who owes the plaintiff no legal duty. The plaintiff's right to bring such an action did not arise, of course, until the equitable duty arose; and the equitable duty did not arise before the happening of the event that imposed it. The event was not the creation of the debt by the defendant's ancestor, but was the distribution of the debtor's estate to the defendant many years after. Therefore, the debt of the ancestor is not the cause of action (though upon it the cause of action is predicated and proof of it is necessary), and the statute of limitations (with its saving clause) applicable to an action on the debt against the debtor, is not in any way applicable to this cause of action against one who is not the debtor. Therefore, our first inquiry, as we have said, is—Whether there is in New Jersey a statute of limitations, applicable to some action at law, which so resembles this action in equity as to justify and make possible its application by analogy.

The saving clause of the only statute which has been cited to us is section 8, New Jersey Statute of Limitations, 3 N. J. Comp. Stats.

3166. This section suspends the operation of the statute and saves the right of action to obligees during the non-residence of obligors in such causes of action as are "specified in the first, second, third, fifth, sixth, and seventh sections of this act." The causes of action so specified are all causes of action at law and are of the kind to which statutes of limitations are very generally directed. We find among them no cause of action resembling, even remotely, the cause of action in this suit. We are not surprised at this, because the statute deals exclusively with actions at law, and is not made applicable, even by general terms, to actions in equity. If this is a correct analysis of the New Jersey statute of limitations, then its saving clause invoked in this case as an excuse for what otherwise is laches, is of no avail to the plaintiff, and the case stands with no state statute that can be applied by analogy to an equity action like this one.

Although no statute of limitations of New Jersey limiting a cause of action akin to this one has been shown us, and although our independent investigation has disclosed no such statute (keeping always in mind that this is not an action on the debt but is an action to raise a trust in the hands of one not the debtor), we hesitate to decide this case upon the ground that there is no New Jersey Statute of Limitations that can be applied to this action. The case was argued by both parties as though there was such a statute, but its inapplicability was urged by the defendant because of countervailing equitable considerations. As this aspect of the case pertains directly to the law of New Jersey, which, as a Federal court, we are anxious not to disturb, we shall confine our decision to the phase of the case arising under the equitable defence of laches as enforced by Federal courts in jurisdictions in which there are state statutes of limitations, which, by terms or analogy, may be applied to equitable actions.

[4] In applying the doctrine of laches in equity actions, it must first be observed that Federal courts are not bound by statutes of limitations of the forum, even when they are applicable by their terms to such actions. Kirby v. Lake Shore, etc. R. R. Co., 120 U. S. 130, 7 Sup. Ct. 430, 30 L. Ed. 569; Patterson v. Hewitt, 195 U. S. 309, 25 Sup. Ct. 35, 49 L. Ed. 214. Federal courts pursue their own rules of equity procedure and enforce the doctrine without regard to, and, in instances, even within the period of an applicable statute of limitations. Hemmick v. Standard Oil Co., 91 Fed. 332, 33 C. C. A. 547. It is not necessary to discuss here the reasons that control Federal courts in thus broadly enforcing the doctrine. These are briefly but sufficiently given with supporting cases in 10 R. C. L. 395–408. The Supreme Court of the United States has repeatedly stated and fully established the scope of the equitable defence of laches, when opposed by an applicable state statute of limitations, as enforced by Federal courts. This in substance is—that, while in actions at law courts are bound by the literalism of statutes of limitations, in equity the question of unreasonable delay within the statutory limitation is still open and is to be determined by the circumstances of each particular case, and that even where a statute of limitations exists and has been made applicable in general terms to suits in equity, the defendant may

avail of the plaintiff's laches, notwithstanding the time fixed by the statute has not expired. Patterson v. Hewitt, 195 U. S. 309, 25 Sup. Ct. 35, 49 L. Ed. 214; Galliher v. Cadwell, 145 U. S. 368, 12 Sup. Ct. 873, 36 L. Ed. 738; Alsop v. Riker, 155 U. S. 461, 15 Sup. Ct. 162, 39 L. Ed. 218.

[5] If the limitation of an applicable state statute yields to the doctrine of laches as applied by Federal courts, an exception of a statute saving a right of action, also must yield, for, as in this instance, the exception is not available when the statute itself falls before a doctrine with which it is in conflict. We shall dispose of the case, therefore, from the standpoint of laches, to which the state statute of limitations and its exception, if applicable, are subordinate.

[6] Laches in legal significance is not mere lapse of time, whether greater or less than the precise time of a statute of limitations; it is delay for such time as makes the doing of equity either impossible or doubtful. It is such delay as involves the inequity of permitting a claim to be asserted after the death of parties, change of title, intervention of the rights of others, where, in consequence, evidence has been lost or has become obscured, the discovery of the truth is made difficult, and the party attacked is placed in a position of evident disadvantage.

[7] Applying these familiar equitable considerations to the averments of the amended bill and to the allegations of the accompanying affidavits, we think this case is one to which the doctrine of laches is peculiarly applicable. While the action is not on the note, recovery in the action depends primarily upon proof that the debt on the note is still due. Both parties to the note, and, so far as we have been shown, the only parties who ever had any knowledge of the transaction, have been dead for many years. It would be very easy for the plaintiff to prove the debt by proving the note, and it might be immensely difficult for the defendant—who was not a party to the note and is not charged with knowledge of the transaction—to controvert such formal proof. The maker and payee were relatives, both were men of means engaged in the same business ventures, and both lived seventeen years after the note matured. So far as the record shows, the payee never called upon the maker for payment. The maker died abundantly solvent, yet for sixteen years after his death the payee's executor did not ask for payment; and when at last he did ask for payment, he asked it not of the maker's personal representative, by probate or personal demand, but of one who had succeeded to the maker's estate prima facie discharged of the maker's liability, and who had acquired certain rights therein after its orderly administration. The claim now made against such a party, thirty-three years after it could have been asserted against the debtor, and fifteen years after it could have been proved against the debtor's estate in the hands of his administrator, and fourteen years after it could have been asserted against the defendant himself, is trebly stale and cannot be saved in equity by an exception of a statute of limitations, even if applicable by analogy.

The decree below is affirmed.