# CASES

## IN THE

# SUPREME JUDICIAL COURT,

### OF THE

## STATE OF MAINE.

---

HENRY K. BAKER, judge of probate,

*vs.*

ALBERT F. BEAN, executor of the will of MARINDA F. LAMBERT.

Kennebec.    Opinion June 10, 1882.

*Executors and administrators.    Statute of limitations.    Stat. 1872,*
*c. 85, § § 14, 16.*

Where the amount due on a covenant or contract is fixed and ascertained, and a demand might have been made and an action have accrued against an executor or administrator within two years, it cannot be maintained against an heir or devisee under the provisions of stat. 1872, c. 85, § § 14, 16.

It is enough that upon a formal demand a right of action would have accrued.

To sustain an action against an heir or devisee under stat. 1872, c. 85, § § 14, 16, the plaintiff must show that administration has been taken out on the estate of the ancestor, that the demand was not due and could not have been enforced within two years from the granting of administration and within one year after it became due.

ON REPORT.

The opinion states the case and the material facts.

*Joseph Baker and L. C. Cornish,* for the plaintiff.

The action on this bond must have been brought on R. S., c. 72, § 15, and that plainly shows how the guardian is to be "required" to pay over the money. He must have been cited by the judge of probate to account, upon oath, for such personal property of the deceased (or ward) as he has received, and must have failed to do so, and then there must be "express authority" of the court to put the bond in suit, and this "express authority" must be alleged in the writ, and until this is done there is no breach of the bond and no "action accrues" or could be maintained on the bond. This is well settled law in this state by the decisions of this court as well as the statutes. *Nelson* v. *Jaques*, 1 Maine, 139 ; 2 Redfield on Wills, 82, 83 ; *Potter* v. *Titcomb*, 7 Maine, 302, and cases cited; *Groton, J.* v. *Tallman*, 27 Maine, 68, 76-7 ; *Potter* v. *Cummings*, 18 Maine, 55 ; *Gilbert, J.* v. *Duncan*, 65 Maine, 469 ; *Wood* v. *Leland*, 1 Met. 387.

Of course if there was no breach of the bond, and if "an action does not accrue," in the language of the stat. 1872, c. 85, § 14, on the guardian's bond till the principal has been cited into the probate court to account and pay over, and has neglected or refused, and the court has expressly authorized the bond to be sued, then it is equally clear that no action has accrued against any surety on such bond until these essential prerequisites have taken place.

On the twenty-second day of May, 1876, for the first time, "an action accrued," to use the language of the statute, on this bond, and from that time, and that only, would the statute of limitations begin to run. See authorities before cited.

The true rule and test is stated by MELLEN, C. J., in *Potter* v. *Titcomb*, 7 Maine, 315, as follows : "Indeed, this presumption does not seem applicable, except in cases of bonds or other contracts for payment of money or other articles, or performance of some act at certain specified times. In such cases, and such only, it would seem there could be a *terminus a quo* the computation is to be commenced." *White* v. *Swain*, 3 Pick. 365.

*S. Lancaster*, and *Bean and Beane*, for the defendant.

APPLETON, C. J. This action was originally brought against Marinda F. Lambert, as sole devisee of her late husband, and

upon her decease, the defence is assumed by her executor. The plaintiff claims to maintain it by the provisions of R. S., c. 87, § 16, as amended by c. 85, § 16, of the laws of 1872.

The facts on which the plaintiff's claim is founded are not in dispute.

On March 12, 1839, Dudley Haines was appointed guardian of Augustus T. Bowles, Emily A. Bowles and John F. Bowles. He assumed the trust and gave a bond dated February 26, 1839, signed by himself as principal and John Haines and John Lambert as sureties in the ordinary form and returned an inventory of the estates of his three wards.

Emily A. Bowles died in 1844, unmarried, and her estate descended to the other two heirs.

The guardian settled in the probate office from time to time the accounts first of the three children and then of the two remaining, finally dividing and settling separate accounts for John F. Bowles and Augustus T. Bowles.

The account with John F. Bowles was settled on the second Monday of October, 1857. At that time the guardian charges himself with $3,477.76 as due Augustus T. Bowles and claims credit for $516.73, thus having a balance in his hands of $2,961.03. This balance remained unaccounted for up to the death of Dudley Haines, the guardian, which occurred on the twenty-seventh day of March, 1875.

Augustus T. Bowles, who became of age in 1854, died, according to the representation of John F. Bowles to the judge of probate, in consequence of which administration was granted.

On the eighth of May, 1875, Orville D. Baker was appointed administrator on the estate of Augustus T. Bowles, and on the same day Joseph W. Patterson was appointed administrator on the estate of Dudley Haines, and each was duly qualified to act as such.

On the same day, Baker as administrator, filed in the probate court his petition to have said Patterson cited into court to show cause why he should not pay to said Baker, administrator on the estate of Augustus T. Bowles, the balance due from the estate

of Dudley Haines, his guardian, and in default of such payment for authority to put his guardian's bond in suit.

The citation was duly issued and served, but Patterson neglected to appear and thereupon the court ordered the guardianship bond to be put in suit to recover the balance due the deceased ward of Haines.

John Haines, one of the sureties on the bond, died in 1844. John Lambert, the other surety, died May 6, 1872, bequeathing his property to Marinda F. Lambert, the original defendant in this action and appointing her sole executrix. This will was probated on the second Monday of July, 1872, and the executrix gave the required bond on August 12, 1872, when the court issued an order requiring her to post notices of her appointment at certain specified places, and on November 23, 1872, she made return under oath that she had posted the notices as required within three months of August 12, 1872, so that the statutory limitation of two years would expire on the twelfth of November, 1874.

The plaintiff claims that no cause of action accrued against the guardian Haines, or against Mrs. Lambert as devisee, until May 22, 1876, when Patterson, the administrator, being duly cited, neglected to appear and the court ordered the bond to be put in suit; and that, notwithstanding the limitation of two years he is entitled to maintain an action against Mrs. Lambert as devisee of John Lambert, a surety on the guardianship bond of Dudley Haines, by virtue of the provisions of the statute of 1872, c. 85, § 16.

It is urged that the guardianship bond is a "covenant or contract," within § 14, of c. 85, and that it did not become due within the two years within which to present the claim, and consequently that the suit is maintainable by § 16 of the same statute, which is in these words: "When such claim has not been filed in the probate office within said two years, the claimant may have remedy against the heirs and devisees of the estate within one year after it becomes due and not against the executor or administrator."

The bond of the guardian was to protect the interests of the

ward during his minority.    Augustus T. Bowles was born August 17, 1832 and became of age August 17, 1853.    After the termination of his guardianship, the guardian rendered his fourth, called his final account, October, 1857, in which he was allowed for services during his ward's minority and a balance was declared in his hands.    That balance was due the ward, or if deceased, to his heirs.    All that was required to fix the liability of the guardian or his sureties was to demand payment and if this was refused to bring a suit on the bond.

But this is not a suit against a guardian, nor against a surety of the guardian, but against the devisee of such surety, under c. 85, § § 14, and 16, of the acts of 1872.

The plaintiff's right of action is barred.    The amount due to Augustus T. Bowles was ascertained and fixed in 1857.    All that was then required to fix the liability of the guardian or the surety was to make a demand.    This is not the case of a covenant or contract referred to in c. 85, § 16, of the acts of 1872.    The contracts or covenants therein mentioned are those which by their terms and conditions were not enforceable.    When an action would have accrued upon demand within the two years, it might have been brought against the administrator and in such case it is not maintainable against the heir or devisee.

Here, the party interested in the claim knew of its existence for eighteen years and never moved for its enforcement until after the death of the guardian in 1875, and after all claims against the estate of Lambert, the surety, had become barred.    In *Hall* v. *Bumstead*, 20 Pick. 2, which resembles in some respects the case at bar, SHAW, C. J., says "it would make no difference if it should appear that the ward was under the disability of infancy during the whole or part of the time that the estate was under administration.    No such disability has ever been allowed as an avoidance of this statute; on the contrary the lapse of time under the statute has been regarded as an absolute bar to all claims, and we think it is right it should be so."

It is no answer that no administration had been taken out on the estate of Augustus T. Bowles.    That was no fault of the surety on the guardian's bond.    John F. Bowles knew of the

death of his brother. If the claimant was a minor, the disability of infancy while the estate is under administration, would not prevent his claim being barred by the lapse of two years in this state. *Hall* v. *Bumstead*, 20 Pick. 2. Much more, then, shall the plaintiff in interest be barred, he being of full age and conusant of his legal rights. To entitle the plaintiff to recover "it must also appear" observes SHAW, C. J., in the case last cited, "that the claim could not have been made until the administration has closed. It is not enough that a mere formal right of action accrues by an act done after the four years. If the demand might have been made, and thereupon an action would have accrued, before the expiration of the four years, then it might have been brought against the administrator and will not lie against the heir."

The claim in controversy might have been presented to the executrix on the estate of Lambert within the two years allowed by the statute. It was the neglect of those interested that it was not done. The estate is not in fault that administration was not taken out and the claim presented before it was barred by the lapse of time. Augustus T. Bowles, was of age in 1854; he died in 1857 and no effort was made to collect this until 1876. The plaintiff fails to sustain his suit.

*Plaintiff nonsuit.*

WALTON, BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.