CHARLES A. BOYLE, a minor, by his next friend, PATRICK SHAUHNESSY, Appellant, v. CATHERINE BOYLE, Administratrix of the Estate of JOHN BOYLE, Deceased, NORAH BOYLE and CATHERINE BOYLE.

Administrators: DISCHARGE: INFANT CLAIMANTS: EQUITABLE RELIEF. The mere fact of infancy will not authorize a court of equity to set aside an order discharging an administrator, to permit the filing of a claim against the estate which is barred by the statute.

*Appeal from Greene District Court.*— HON. Z. A. CHURCH, Judge.

SATURDAY, DECEMBER 17, 1904.

APPLICATION to have order discharging the administratrix of John Boyle, deceased, set aside, and a claim for services alleged to have been rendered by Charles A. Boyle allowed as a claim against the estate. A demurrer to the petition was sustained, and, as the plaintiff elected to stand on the ruling, judgment of dismissal was entered. The plaintiff appeals.— *Affirmed.*

*Wilson & Albert,* for appellant.

*Howard & Howard,* for appellees.

LADD, J.— John Boyle died May 16, 1902, and Catherine, his widow, was appointed administratrix of his estate

three days later. Notice of her appointment was first published on the 22d of the same month. No claim having been presented or filed, she was discharged on the 10th day of June, 1903; those interested having consented thereto. On the 4th day of August following, the plaintiff, Charles A. Bole, by his next friend, filed his petition, alleging the foregoing facts, and asserting his minority and the want of notice as peculiar circumstances entitling him to equitable relief from the bar otherwise interposed by section 3349 of the Code, requiring claims against an estate to be filed within twelve months after the first publication of the notice of the administrator's appointment. No exception is made in favor of a creditor laboring under disability, and, in the absence thereof, courts generally hold that none exists. *Morgan v. Hamlet,* 113 U. S. Rep. 449 (5 L. Ed. 583, 28 L. Ed. 1043); *Baker v. Bean,* 74 Me. 17; *Foster v. Maxey's Ex'rs,* 6 Yerg. 224; *Smith v. Smithson,* 48 Ark. 261 (3 S. W. Rep. 49); *Cone v. Dunham,* 59 Conn. 145 (20 Atl. Rep. 311, 8 L. R. A. 647); *Cochran v. Young,* 104 Pa. 333; 8 Am. & Eng. Enc. of Law (2d Ed.) 1079. As was observed by Mr. Justice Miller in *Vance v. Vance,* 108 U. S. Rep. 514 (2 Sup. Ct. 854, 27 L. Ed. 808): " The exemptions from the operation of the statutes of limitation usually accorded infants and married women do not rest upon any general doctrine of the law that they cannot be subject to their action, but in every instance upon the express language in those statutes giving them time after their majority." To hold that the fact of minority is a peculiar circumstance, such as contemplated, would be equivalent to ingrafting an exception on the statute, extending the time within which creditors who are minors may file claims during their minority, and thereby defeat the manifest intention of the Legislature in enacting the statute, which was to secure the speedy settlement of estates, and the repose of titles derived from the dead. The excuse now urged a few months after the expiration of the statutory period would be equally available

·for another at any time before attaining majority, and estates, instead of being promptly settled, would be open to attack for nearly twenty-one years.   This was doubtless the reason which led to the omission of any exception in favor of creditors laboring under disability, and we have no notion of undertaking to defeat the legislative purpose by reading this exception, under the guise of a peculiar circumstance entitling to equitable relief, into the statute.   Notice of the administrator's application for discharge to a creditor whose claim had not been filed was not required.   *Potter v. Brentlinger,* 117 Iowa, 536.— *Affirmed.*