**Floyd BENGE and Jean Benge, and Gloria Springer, as guardian, next friend and custodial parent of Travis Benge, a minor, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 92–7123.

United States Court of Appeals, Tenth Circuit.

Feb. 23, 1994.

James W. Robb, of Fort Smith, Arkansas, for the Plaintiffs–Appellants.

Sarah Lock (Stuart E. Schiffer, Acting Assistant Attorney General, Washington, D.C.; John Raley, United States Attorney, Muskogee, Oklahoma; and Jeffrey Axelrad and Paul F. Figley, United States Department of Justice, Washington, D.C., with her on the brief), United States Department of Justice, Washington, D.C., for the Defendant–Appellee.

Before TACHA and BARRETT, Circuit Judges, and KANE, District Judge *.

---

* The Honorable John L. Kane, Jr., District Judge, United States District Court for the District of Colorado, sitting by designation.

TACHA, Circuit Judge.

Plaintiffs appeal the district court's grant of defendant's motion to dismiss. The district court found that the limitations period on plaintiffs' claims had run. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I. Background

United States Army Staff Sergeant Michael Benge died in 1989 due to a brain tumor. Plaintiffs Floyd and Jean Benge are Michael Benge's parents. Plaintiff Travis Benge is Michael Benge's son.

As permitted under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–79, Plaintiffs Jean Benge and Travis Benge filed administrative claims with the Department of the Navy against the United States alleging medical malpractice on the part of naval hospital doctors in diagnosing and treating Michael Benge. On June 24, 1991, plaintiffs' claims were denied. On December 23, 1991, plaintiffs filed an action for damages for wrongful death in the United States District Court for the Eastern District of Oklahoma. That action was dismissed on May 1, 1992, for lack of proper service of process.

Subsequently, on June 22, 1992, plaintiffs filed the action now on appeal, for practical purposes identical to the action filed on December 23, 1991. The district court granted defendant's motion to dismiss the action. It found that Floyd Benge's claim was barred because he did not exhaust administrative process as is required under the FTCA, 28 U.S.C. § 2675(a), and that Jean and Travis Benge's claims were barred by the six-month FTCA limitations period, 28 U.S.C. § 2401(b). Plaintiff Floyd Benge does not appeal the district court's decision dismissing his claim for failure to exhaust administrative remedies. However, plaintiffs Jean and Travis Benge appeal the district court's finding that their claims are time barred.

## II. Limitations Period for FTCA Claims

"A tort claim against the United States shall be forever barred ... unless action is begun within six months after the date of mailing ... of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). It is undisputed that the current action was filed well after this six month limitation period had expired (plaintiffs were notified of the denial of their administrative claims on June 24, 1991, and filed the current action some twelve months later on June 22, 1992). Plaintiffs, nonetheless, present three arguments as to why their suit is not barred: 1) the filing of plaintiffs' second complaint should relate back to the filing of their first complaint which, though dismissed for lack of proper service of process, was filed within the six month limitations period; 2) the Oklahoma statute of limitations savings statute, Okla.Stat. tit. 12, § 100, should be applied so as to save plaintiffs' claims; and 3) the doctrine of equitable tolling should be applied to plaintiffs' complaint so as to effectively bring the complaint within the limitations period.

 We find that plaintiffs' first two assertions are foreclosed by our decision in *Pipkin v. United States Postal Serv.*, 951 F.2d 272 (10th Cir.1991). Under *Pipkin*, a separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim. *Id.* at 274; *see also* Fed.R.Civ.P. 15. Also under *Pipkin*, the Oklahoma statute of limitations savings statute does not apply to federal claims such as those brought by plaintiffs. 951 F.2d at 274–75. Thus, the only remaining issue in this appeal concerns whether the doctrine of equitable tolling saves plaintiffs' claims. We find that it does not.

It is settled law that in a narrow range of situations a federal statute of limitations may be equitably tolled. *See Irwin v. Veterans Admin.*, 498 U.S. 89, 94–96, 111 S.Ct. 453, 457–58, 112 L.Ed.2d 435 (1990); *Pipkin*, 951 F.2d at 275. However, we need not reach the substance of plaintiffs' equitable tolling argument in this case. Assuming arguendo that plaintiffs' situation is one to which equi-

table tolling should be applied, the doctrine would not save plaintiffs' claims.

 "Equitable tolling" of a statute means only that the running of the statute is suspended, not that the limitations period begins over again. In this case, plaintiffs filed their first complaint only two days before the expiration of the initial six month limitations period. Because all but two days of the limitations period had already run before equitable tolling might apply, the doctrine would give plaintiffs only a very short additional period to refile after dismissal of the initial complaint. That dismissal came on May 1, 1992, and plaintiffs did not refile their complaint until June 22, 1992, well after any additional period to which plaintiffs would be entitled.

Because we find plaintiffs' claims barred on statute of limitations grounds, we do not reach the parties' arguments with respect to the so-called "*Feres* Doctrine." *See generally Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950).

## III. Conclusion

The district court's grant of defendant's motion to dismiss is **AFFIRMED.**