46 F.3d 1153
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James WRIGHT, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-7117.
 United States Court of Appeals, Tenth Circuit.
 Jan. 12, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 James Wright (Wright) appeals from an order of the district court granting summary judgment in favor of the United States of America (appellee or United States).
 
 
 3
 Wright was treated for a heart condition at the Veteran's Administration Hospital, Muskogee, Oklahoma, during March and May, 1989. Wright suffered a heart attack on May 10, 1989, which left him disabled. He subsequently filed a claim with the Veteran's Administration (VA) on March 19, 1991. The VA denied Wright's claim on March 31, 1992.
 
 
 4
 On September 24, 1992, Wright filed an action against appellee in federal district court under the Federal Tort Claims Act seeking damages in excess of $50,000. Within his complaint, Wright alleged that the doctors and nurses employed at the Veteran's Administration Hospital had been negligent in failing to properly diagnose, examine, test and treat his heart condition during a number of visits he made to the VA facility at Muskogee, Oklahoma.
 
 
 5
 On February 8, 1993, Wright filed a stipulation and joint application for dismissal without prejudice requesting that his case be dismissed without prejudice. The United States Attorney's Office joined in the motion. On February 9, 1993, the district court entered an order dismissing Wright's case without prejudice.
 
 
 6
 On February 8, 1994, Wright filed a second complaint making the same allegations set forth in his original complaint of September 24, 1992. Appellee filed a motion to dismiss, arguing that Wright's action was barred by 28 U.S.C. 2401(b) which provides that "[a] tort claim against the United States shall be forever barred ... unless action is begun within six months after the date of mailing ... of notice of final denial of the claim by the agency to which it was presented."
 
 
 7
 After converting appellee's motion to dismiss to a motion for summary judgment, the district court, through United States Magistrate Judge James H. Payne, entered an order dated June 15, 1994, granting summary judgment in favor of appellee, which stated in pertinent part:
 
 
 8
 ... It is undisputed that the current action was filed after this six month limitation [under 2401(b) ] had expired. Plaintiff, nonetheless, presents three arguments as to why his suit is not barred: 1) the filing of the plaintiff's second complaint should relate back to the filing of his first complaint, which, though voluntarily dismissed by the plaintiff, was filed within the six months limitations period; (2) the Oklahoma statute of limitations savings statute, Okla. Stat. Tit. 12, 100, should be applied so as to save plaintiff's claims; and (3) the doctrine of equitable tolling should be applied to plaintiff's complaint so as to effectively bring the complaint within the limitations period.
 
 
 9
 Plaintiff's first two assertions are foreclosed by the decision of the Tenth Circuit Court of Appeals in Pipkin v. United States Postal Serv., 951 F.2d 272 (10th Cir.1991). Under Pipkin, a separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim. Id. at 274; see also Fed.R.Civ.P. 15. Also under Pipkin, the Oklahoma statute of limitations savings statute does not apply to federal claims such as those brought by the plaintiff. 951 F.2d at 274-75. See also, Benge v. United States, 17 F.3d 1286 (10th Cir.1994).
 
 
 10
 The plaintiff's final contention is that the doctrine of equitable tolling should save his claim. It is settled law that in a narrow range of situations a federal statute of limitations may be equitably tolled. See Irwin v. Veterans Admin., 111 S.Ct. 453, 457-58 (1990); Benge, supra at 1287; and Pipkin, 951 F.2d at 275. However, the court finds the instant case does not fall within those narrow exceptions. The Stipulation and Joint Application for Order of Dismissal Without Prejudice was filed February 8, 1993. The duty was upon the plaintiff to conduct all necessary research prior to signing such a dismissal. There is no evidence of any trickery, bad faith or wrong doing on behalf of the defendant. Accordingly, the court finds Defendant's Motion for Summary Judgment should be granted.
 
 
 11
 On appeal, Wright contends that the district court erred in granting appellee's motion for summary judgment in that: (1) genuine issues of material fact exist regarding whether actions taken by the United States Attorney's Office warrant an equitable tolling of the limitations period and/or an estoppel; (2) the filing of his second action should have related back to the filing of his original action which was timely filed; and (3) his second action should have been saved by application of the Oklahoma saving statute, Okl.Stat.Ann.Tit. 12 100.
 
 
 12
 Summary judgment is appropriate only when the moving party shows that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). To avoid summary judgment, the nonmovant must make a showing sufficient to establish an inference of the existence of each element essential to the case. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 13
 Wright's contentions on appeal were carefully considered and rejected by the district court. We hold that the district court did not err in granting summary judgment in favor of appellee based on Pipkin and Benge.
 
 
 14
 We AFFIRM for substantially the reasons set forth in the district court's order of June 15, 1994.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470