Richard **HARRINGTON** and Sandra
Harrington, Plaintiffs,

v.

**TOSHIBA MACHINE COMPANY,**
**LTD., Defendant.**

No. 96–724.

Supreme Court of Iowa.

April 23, 1997.

Edward J. Gallagher, Jr. and Thomas C.
Verhulst of Gallagher, Langlas & Gallagher,
P.C., Waterloo, for plaintiffs.

Robert D. Houghton and Diane Kutzko of
Shuttleworth & Ingersoll, P.C., Cedar Rap-
ids, for defendant.

Considered by HARRIS, P.J., and
LARSON, NEUMAN, SNELL, and
ANDREASEN, JJ.

LARSON, Justice.

Pursuant to Iowa Code section 684A.1
(1995) and Iowa Rule of Appellate Procedure
452, the United States District Court for the
Northern District of Iowa has requested our
interpretation of Iowa Code section 613.18(3),
a statute tolling the statute of limitations to
allow identification of manufacturers in prod-
ucts liability cases. Specifically, the court
has inquired whether (1) section 613.18(3)
provides a new two-year statute of limita-
tions to begin when the defendant-manufac-
turer is identified, or (2) the original two-
year statute of limitations is merely suspend-
ed pending identification. We adopt the sec-
ond interpretation.

This products liability case was brought by
Richard Harrington and his wife to recover
damages for an injury allegedly caused by a
computer boring machine manufactured by
Toshiba Machine Co., Ltd. (TML). Two
days before the two-year statute of limita-
tions would have expired, Harrington was
still uncertain as to who had manufactured
the part that caused his injury. He certified
that fact under Iowa Code section 613.18(3)
in order to toll the statute of limitations.
That section provides:

An action brought pursuant to this sec-
tion, where the claimant certifies that the
manufacturer of the product is not yet
identifiable, tolls the statute of limitations
against such manufacturer until such time
as discovery in the case has identified the
manufacturer.

The federal district court phrased its ques-
tion as follows:

In a products liability action, upon a
plaintiff's IC § 613.18(3) certification that
the manufacturer of the product is not yet
identifiable, is the running of the applica-

ble two-year statute of limitations merely suspended from the date of the filing of the certification until such time as discovery in the case has identified the manufacturer, or does a new two-year limitation period begin to run from the date the manufacturer is identified?

The events and dates underlying this issue are set out in the following timetable:

| | |
|---|---|
| Date of Injury | November 14, 1991 |
| Certification under Iowa Code section 613.18(3) that identification of manufacturer was unknown and filing of suit against remaining defendants | November 12, 1993 |
| Two-year statute of limitations would have expired (two years from injury) | November 14, 1993 |
| Plaintiff discovers that TML is the manufacturer in question (according to the federal court's finding) | February 7, 1994 |
| Plaintiff sues TML | May 17, 1995 |

■ The key to interpreting section 613.18(3) is the meaning of "tolls." TML argues that tolls means that the time between the certification under section 613.18(3) and the date the manufacturer is identified is disregarded in computing the two-year statute of limitations. In other words, the two-year clock of Iowa Code section 614.1(2) stops ticking on the plaintiffs' section 613.18(3) certificate; when the manufacturer is identified, the clock begins to tick again. In this case, only two days then remained in the original two-year limitation period. The plaintiffs, on the other hand, argue that the identification of the manufacturer is a necessary element of the claim and that the claim was not complete until the manufacturer was identified. Therefore, they argue, a new two-year statute of limitations commenced on the date the manufacturer was identified.

While section 613.18(3) does not define tolling for the purpose of that specific statute, the legislature has adopted tolling statutes that basically comport with TML's interpretation of the word "tolls." For example, Iowa Code section 614.6 makes it clear that, when a defendant is a nonresident or defendants under certain circumstances are not identified, the period of nonresidence or nonidentification is merely omitted from the computation of the elapsed time. That statute provides:

The period of limitation above described shall be computed *omitting* any time when:

1. The defendant is a nonresident of the state, or

2. In those cases involving personal injuries or death resulting from a felony or indictable misdemeanor, while the identity of the defendant is unknown after diligent effort has been made to discover it.

Iowa Code § 614.6 (emphasis added).

(The effect of this tolling statute with respect to nonresident defendants has, of course, been modified by the adoption of "long-arm" statutes, *see, e.g., Fulmer v. Debel,* 216 N.W.2d 789, 790–91 (Iowa 1974), but this does not affect the impact of section 614.6 and the cases under it on the interpretation of the word "tolling.")

The proper interpretation of section 613.18(3), we believe, is that the time elapsing between the certification by the plaintiffs that the manufacturer is unknown and the date the manufacturer is identified is to be deducted from the total elapsed time in determining whether a plaintiff has filed suit within the two-year period of limitations of section 614.1(2). This interpretation is consistent with tolling under other circumstances. For example, in *Savage v. Scott,* 45 Iowa 130 (1876), the defendant left the state four months after the statute of limitations had begun to run. We said:

Under this [tolling] statute [now Iowa Code section 614.6(1) ] the period of limitation, having commenced to run in favor of a resident debtor, is *arrested* by his becoming a nonresident.

. . . .

. . . From the moment the remedy is revived[, *i.e.,* the defendant again becomes a resident], the statute of limitations begins again to run.

*Id.* at 133–34 (emphasis added); *see also Clinton County v. Cox,* 37 Iowa 570, 572 (1873) ("[T]he time of limitation provided for by the statute has not expired, for the period of nonresidence of Cox is expressly taken therefrom."); 54 C.J.S. *Limitation of Actions* § 214, at 285 (1987):

In determining whether or not the full limitation period has run, time is reckoned

from the accrual of the cause of action to the commencement of the action, with a deduction of the time, if any, during which the statute was tolled.

A federal case, *Benge v. United States,* 17 F.3d 1286 (10th Cir.1994), presented an argument very similar to the one in the present case. Under federal law, the limitations period for filing under the federal tort claims act is suspended during consideration of the claim by a federal agency. In *Benge* the plaintiff argued that he was entitled to a new statute of limitations, commencing when he received the notice of denial by the agency. The defendant argued that the statute of limitations had merely been tolled and that the plaintiffs' claim was not subject to a new statute of limitations. The court stated:

> "Equitable tolling" of a statute means only that the running of the statute is suspended, not that the limitations period begins over again. In this case, plaintiffs filed their first complaint only two days before the expiration of the initial six-month limitations period. Because all but two days of the limitations period had already run before equitable tolling might apply, the doctrine would give plaintiffs only a very short additional period to refile after dismissal of the initial complaint.

17 F.3d at 1288.

■ In the present case, the plaintiffs were left with only two days to file the suit following identification of the manufacturer. However, two observations must be made: First, the tolling of a statute of limitations is purely statutory, and we are not free to expand the concept to avoid hardships. *See Boyle v. Boyle,* 126 Iowa 167, 168, 101 N.W. 748, 748 (1904) (To engraft exceptions not found in statutes of limitations would defeat the purpose of speeding the settlement of disputes.); 51 Am.Jur.2d *Limitation of Actions* § 138, at 708–09 (1970). A plaintiff who has difficulty in identifying a manufacturer should certify that fact early in the original two-year limitation period. Second, adopting the plaintiffs' argument that a second two-year statute of limitations commences on the identification of the manufacturer would allow well over four years to sue in this case. This would be inconsistent with the policy underlying statutes of limitations that such matters be promptly completed. *See American Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). Statutes of limitation are

> designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.

*Id.* at 554, 94 S.Ct. at 766, 38 L.Ed.2d at 727 (quoting *Railroad Telegraphers v. Railway Express Agency, Inc.,* 321 U.S. 342, 348–49, 64 S.Ct. 582, 586, 88 L.Ed. 788, 792 (1944)).

We conclude that the tolling under Iowa Code section 613.18(3) means that the time between the filing of the certification under that statute and the identification of the manufacturer is to be deducted from the total elapsed time in computing the date of expiration of the two-year statute of limitations under section 614.1(2). The identification of the manufacturer does not commence a new period of limitations.

**CERTIFIED QUESTION ANSWERED.**