**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MAY 19 1999

**PATRICK FISHER**
**Clerk**

ANCEL BARR, deceased, by and
through his wife and next of kin,
BEVERLY BARR,

     Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

     Defendant-Appellee.

No. 98-7164

(D.C. 98-CV-200-P)
(Eastern District of Oklahoma)

**ORDER AND JUDGMENT**  *

Before **SEYMOUR** , Chief Judge,   **BALDOCK** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

    *     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ms. Barr appeals, on behalf of her deceased husband, the district court's grant of summary judgment to the United States in her Federal Tort Claims Act (FTCA) case for her failure to timely file her complaint. We affirm.

Ms. Barr filed an administrative claim under the FTCA in February, 1997. When no action had been taken on her administrative claim after six months, she filed a lawsuit in the Eastern District of Oklahoma on August 22, 1997. The agency dismissed Ms. Barr's administrative claim on October 22, 1997. Ms. Barr subsequently voluntarily dismissed her pending lawsuit on February 13, 1998. She re-filed her lawsuit on April 27, 1998. Under the FTCA, however, a plaintiff must file a tort claim "within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. §2401(b). As her second lawsuit was filed on April 27, 1998, it was filed more than six months after the October 22, 1997 notice of final denial of her administrative claim by the agency.

Ms. Barr argues, however, that equitable tolling should apply for the period during which her first complaint was pending such that her second complaint should be deemed to have been timely filed. We review a grant of summary judgment de novo, applying the same legal standard as the district court. See Sundance Assocs., Inc. v. Reno, 139 F.3d 804, 807 (10th Cir. 1998).

We affirm for substantially the same reasons as stated by the district court

2

in its order dated October 19, 1998. Ms. Barr cannot relate the untimely filing date of her second complaint back to the timely filing date of her first complaint: "a separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim." Benge v. United States, 17 F.3d 1286, 1288 (10th Cir. 1994). Further, equitable tolling could not apply to toll the period during which her prior complaint was pending when there is no evidence that her original pleading was in any way "defective" or that she had "been induced or tricked by [her] adversary's conduct into allowing the filing deadline to pass." See Irwin v. Veterans Admin., 498 U.S. 89, 95-96 (1990).

Therefore, we AFFIRM the decision of the district court.

Entered for the Court,

Robert H. Henry
Circuit Judge

3