**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**JUN 14 1999**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

LEOTA DIXON, as Personal
Representative for Joseph Pete Dixon,
deceased,

      Plaintiff - Appellant,

      v.

UNITED STATES OF AMERICA,

      Defendant - Appellee.

No. 98-6455
(D. Ct. No. 98-CV-926)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th

Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

This appeal is from an order of the district court dismissing plaintiff's

complaint for lack of subject matter jurisdiction on the ground that the statute of

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

limitations had run for her claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). We affirm.

The facts of this case are not in dispute. On March 26, 1996, plaintiff filed an administrative claim with the Department of Veterans Affairs seeking $300,000 in compensatory damages for the death of her husband. The agency denied plaintiff's claim on October 8, 1996. Plaintiff received notice of the denial on May 2, 1997. Plaintiff brought this action on July 2, 1998. The FTCA requires that claimants file suit within six months "after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). If this statute of limitations is not met, a tort claim against the United States is barred.

Plaintiff argues on appeal that the filing of this suit should relate back to the filing of a previous suit in the United States District Court. Although that initial suit was commenced within the appropriate limitations period, it was dismissed without prejudice for want of prosecution on July 29, 1997. We find no basis for plaintiff's argument that the filing of the first suit should excuse the running of the statute of limitations for the purposes of this action. Because this suit was filed as a separate claim and not as an amendment or any kind of supplementary pleading, it cannot relate back to the previously filed claim. See Benge v. United States, 17 F.3d 1286, 1288 (10th Cir. 1994). Additionally,

plaintiff asserts that the Oklahoma statute of limitations savings statute, Okla. Stat. Ann. tit. 12, § 100, applies to this case. The district court correctly determined that the statute does not apply to this federal tort claim action. See Benge, 17 F.3d at 1288.

Plaintiff further argues that the doctrine of equitable tolling should be applied to remove her claim from the operation of the six-month statute of limitations. We disagree. Assuming arguendo that the doctrine of equitable tolling should be applied to plaintiff's situation, it would not save her claim. The doctrine of equitable tolling "means only that the running of the statute is suspended, not that the limitations period begins over again." Id. Thus, even if the limitations period was suspended during the pendency of the initial suit, it would have resumed after the first suit was dismissed on July 29, 1997. Plaintiff did not commence this action until almost a year after the initial suit was dismissed, well after the expiration of any additional period to which plaintiff would have been entitled. We therefore agree with the district court that it was without subject matter jurisdiction. AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge