**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 4, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DARRICK ALEXANDER,

      Plaintiff-Appellant,

v.

CHRISTOPHER FOEGEN #95056,
Denver Police; GERRY WHITMAN,
Denver Police Chief; JOHN LAMB,
Commander, Internal Affairs;
RICHARD ROSENTHAL,
Independent Monitor; JOHN
HICKENLOOPER, Denver Mayor;
JANE and JOHN DOE, Denver Police,

      Defendants-Appellees.

No. 11-1268
(D.C. No. 10-CV-01993-LTB-MEH)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

Darrick Alexander, a prisoner in the Colorado corrections system, was

arrested in 2007. In 2010, he filed suit under 42 U.S.C. § 1983, alleging that his

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

constitutional rights were violated by the arresting officer and various supervisors. This was his third § 1983 action based on this arrest. The two previous suits were dismissed when Mr. Alexander failed to comply with the court's instructions.

Mr. Alexander's current filing was also unsuccessful. After alerting him to deficiencies in his complaint and affording him the opportunity to amend, the district court dismissed the claims against the supervisors as legally frivolous. The district court reviewed the claims against the arresting officer separately. On motion from the government — and after considering Mr. Alexander's arguments that his new § 1983 claim should either "relate back" to his original claim under Fed. R. Civ. P. 15(c) or be subject to equitable tolling — the district court dismissed these claims as barred by the applicable statute of limitations. Mr. Alexander now appeals.

Giving Mr. Alexander's *pro se* pleadings the solicitous consideration due, we agree with the district court's conclusions. After being given an opportunity to amend his complaint, Mr. Alexander failed to make any serious attempt to show the type of "affirmative link" between the conduct of the supervisors and the alleged constitutional violations that is required to support § 1983 liability. *See Dodds v. Richardson*, 614 F.3d 1185, 1200-02 (10th Cir. 2010). As to the claims against the arresting officer, actions brought under § 1983 are subject to the statute of limitations of the forum state. *Fogle v. Pierson*, 435 F.3d 1252,

1258 (10th Cir. 2006) (quoting *Hardin v. Straub*, 490 U.S. 536, 539 (1989)). In Colorado, that period is two years. *Id.*; *see also* Colo. Rev. Stat. 13-80-102(1) (2005). Mr. Alexander did file a complaint within two years of his arrest, but that complaint was dismissed. And Mr. Alexander's new suit cannot "relate back" to a dismissed complaint. *See Marsh v. Soares*, 223 F.3d 1217, 1219 (10th Cir. 2000); *Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994); Fed. R. Civ. P. 15. Neither does Mr. Alexander give us reason to believe he is entitled to equitable tolling. *See Fogle*, 435 F.3d at 1258 ("extraordinary circumstances" required to justify equitable tolling).

Accordingly, we agree with the district court's analysis and affirm its dismissal of Mr. Alexander's complaint. While acknowledging Mr. Alexander's *pro se* status, we cannot read his appeal to contain a reasoned, non-frivolous argument. His request to proceed *in forma pauperis* is therefore denied and he is directed to pay any remaining filing fees forthwith.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge