**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 29, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

WALTER M. KOLAK,

    Plaintiff - Appellant,

v.

DENISE BACKERVILLE; MR. CARTER
ARAPHAHOE SHERIFF; ARAPAHOE
COUNTY; ARAPAHOE SHERIFF'S
DETENTION FACILITY; CARL
ANDERSON ARAPAHOE SHERIFF;
MR. MAYFIELD ARAPAHOE SHERIFF;
MR. DIXON ARAPAHOE SHERIFF;
JANE DOES EMPLOYED AS DEPUTY
SHERIFF'S (SHERIFF'S); JOHN DOES
EMPLOYED AS DEPUTY SHERIFFS
(SHERIFFS); JAMES EDWARDS
NURSE PRACTITIONER; WELLPATH;
HEALTH AND SAFETY OF AMERICA
CORPORATION; JESSICA CRESPO
LPN; MICAH RHOAD RN; SHANNA
NAVA FLORES LPN; STACIE HENGY
RN; AMANDA ARUJO LPN; MRS. E.
NURSE; SONOMA RN; JANE DOES
EMPLOYED AS MEDICAL PERSONEL;
JOHN DOES EMPLOYED AS MEDICAL
PERSONEL,

    Defendants - Appellees.

_____

No. 24-1182
(D.C. No. 1:22-CV-02743-DDD-KAS)
(D. Colo.)

## ORDER AND JUDGMENT[*]

_____

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral

_____

Before **TYMKOVICH**, **CARSON**, and **FEDERICO**, Circuit Judges.

_____

Walter M. Kolak ("Plaintiff") brought this pro se action under 42 U.S.C. § 1983, claiming authorities denied him medical care as a pretrial detainee.[1] The district court dismissed the action as time-barred and later denied Plaintiff's Federal Rule of Civil Procedure 60(b) motion. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

I

Between January and May 2020, Plaintiff suffered various ailments while detained at the Arapahoe County Sheriff's Facility. He sought medical care, but he alleges staff ignored his requests, delayed treatment, and provided inadequate or improper care, all of which caused him to suffer significant pain and injuries.

On October 17, 2022, Plaintiff filed this action, alleging federal and state constitutional violations. He did not identify and serve all defendants, but the two he did serve moved to dismiss under Rule 12(b)(6). Each argued the governing

_____

estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Plaintiff's pro se materials but do not act as his advocate. *See Merryfield v. Jordan*, 584 F.3d 923, 924 n.1 (10th Cir. 2009). Although he asserts claims under various constitutional theories, his status as a pretrial detainee means his claims are properly asserted under the Fourteenth Amendment. *See Strain ex rel. Pratt v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020).

two-year statute of limitations barred his claims. Plaintiff did not respond to the motions to dismiss.

A magistrate judge recommended the action be dismissed as time-barred. The magistrate judge reasoned as follows: (1) the statute of limitations was two years, (2) the alleged conduct occurred no later than May 2020, and (3) Plaintiff filed his complaint on October 17, 2022. So, the magistrate judge concluded, he filed his complaint some five months late. Using the same logic, the magistrate judge also recommended that the district court dismiss the claims against the unidentified and unserved defendants. Last, having recommended dismissal of all the federal claims, the magistrate judge recommended that the district court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.

Plaintiff objected. He argued he did not have enough time to file this action within the two-year statute of limitations and asked that it be equitably tolled. He also argued his filing date should relate back to February 2, 2022, when he filed an earlier lawsuit against some of the same defendants based on similar allegations. The district court dismissed Plaintiff's earlier case under Fed. R. Civ. P. 41(b) for failure to comply with Rule 8's pleading requirements. *See Kolak v. Arapahoe Cnty.*, No. 22-cv-00306, 2022 WL 3593681 (D. Colo. Apr. 15, 2022). Plaintiff appealed, and we affirmed the dismissal, *Kolak v. Arapahoe Cnty.*, No. 22-1139, 2022 WL 3582222, at *3 (10th Cir. Aug. 22, 2022) (unpublished).

The district court overruled the objections and dismissed the action. The district court agreed with the magistrate judge that the two-year limitations period

3

barred the action and found no basis for either tolling the statute of limitations or relating the filing date back to the date of his earlier lawsuit. The district court also declined to exercise supplemental jurisdiction over the state law claims.

Plaintiff moved for reconsideration under Rule 60(b). Before the district court could rule, he appealed. We abated the appeal pending resolution of the Rule 60(b) motion. The district court denied the Rule 60(b) motion. The district court concluded that the motion raised only previously rejected arguments and, in any event, Plaintiff had waived the tolling and relation-back issues by not timely raising them. Plaintiff filed an amended notice of appeal, and we lifted the abatement on his appeal.

Plaintiff now contends the district court erred in concluding the limitations period barred his action and by refusing to either apply equitable tolling or construe his claim as relating back to the filing of his prior lawsuit. He also challenges the denial of Rule 60(b) relief.[2]

II

We review de novo the district court's dismissal based on the statute of limitations. *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016). "A statute of limitations defense may be appropriately resolved on a

---

[2] We do not consider arguments that are inadequately presented in the opening brief. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007). Nor do we consider various new, unpreserved arguments that Plaintiff makes for the first time on appeal, *see McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002), or arguments that are not germane to the district court's dismissal, *see Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366, 1369 (10th Cir. 2015).

Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." *Id.* (brackets and internal quotation marks omitted). Courts determine the limitations period governing § 1983 actions by reference to the appropriate state statute of limitations and tolling rules. *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006). The governing "statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued." *Id.* "A § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Id.* (internal quotation marks omitted).

A. *This Action was Untimely*

The conduct alleged here occurred by May 2020, and Plaintiff filed his complaint on October 17, 2022. Thus, the action is untimely under the two-year statute of limitations. Plaintiff seems to acknowledge this as he contends a longer statute of limitations should apply. *See* Aplt. Opening Br. at 11 (urging a four-year statute of limitations). We need not consider his new argument urging a four-year statute of limitations. *See McDonald*, 287 F.3d at 999. To the extent this argument advances his previous contention that the two-year statute of limitations did not give him enough time to file this action, the argument is unavailing. *See Blake v. Dickason*, 997 F.2d 749, 751 (10th Cir. 1993) ("Colorado's two-year residual statute of limitations comports with all relevant federal interests.").

B. *Equitable Tolling/Relation Back*

Plaintiff also maintains that the district court erred by not tolling the statute of limitations or allowing his filing date to relate back to the date he filed his previous

5

lawsuit.  As the district court correctly explained, however, equitable tolling and the relation-back doctrine do not apply in this case.

Equitable tolling "applies when flexibility is required to accomplish the goals of justice, such as when plaintiffs did not timely file their claims because of extraordinary circumstances or because defendants' wrongful conduct prevented them from doing so." *Fogle*, 435 F.3d at 1258 (internal quotation marks omitted). The doctrine is "limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Braxton v. Zavaras*, 614 F.3d 1156, 1161 (10th Cir. 2010) (internal quotation marks omitted). Plaintiff did not argue, either in the district court or in his opening brief, that extraordinary circumstances prevented him from timely filing his complaint.[3]  Nor has he alleged that defendants prevented him from timely filing.  The district court therefore correctly refused to equitably toll the limitations period.

As for Plaintiff's contention that the filing date of this case should relate back to the date he filed his earlier lawsuit, that argument is without merit as well.  He characterizes his complaint in this case as an amendment to his pleadings in the earlier lawsuit, but that characterization is incorrect.  The district court dismissed the

---

[3] Plaintiff cites several cases for the proposition that a defendant's wrongful conduct may warrant equitable tolling. *See* Aplt. Opening Br. at 9, para. 5.  But he does not adequately develop any argument or otherwise contend that extraordinary circumstances prevented him from timely filing his complaint. *See Bronson*, 500 F.3d at 1104.

earlier lawsuit without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with Rule 8, which meant Plaintiff could have refiled his earlier lawsuit to state his claims more clearly. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007). He did not. Instead, he appealed and we affirmed. *See Kolak*, No. 22-1139, 2022 WL 3582222, at *3. He then commenced this entirely separate action. Under these circumstances, the filing of this action does not relate back to the date he commenced the earlier lawsuit. *See Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994) ("[A] separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim.").

## C. Denial of Rule 60(b) Relief

Finally, Plaintiff challenges the district court's denial of his Rule 60(b) motion. With little explanation, Plaintiff argues that he did not waive the tolling and relation-back issues. We perceive no abuse of discretion. *See Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (describing standard of review). The law in this circuit is well-settled. Issues raised for the first time in objections to the magistrate judge's report and recommendation are waived. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001); *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996). Although Plaintiff contends he did not have an earlier opportunity to raise the tolling and relation-back arguments, he clearly did. He could have raised them in response to the motions to dismiss; he did not. Although he says he did not receive the motions to dismiss because authorities

7

transferred him to a different detention facility, the record indicates Defendants sent both motions to dismiss to his proper address. *See* R. at 103 (certificate of service for sheriff defendants' motion to dismiss indicating the motion was sent to Plaintiff's address at Core Civic); Aplee. App. at 17-18 (municipal defendants' notice of undeliverable mail indicating their motion to dismiss was re-sent to Plaintiff's new address at Core Civic, and including a certificate of service showing the notice was sent to the Core Civic address).  And in any event, regardless of any waiver, the district court rejected the tolling and relation-back arguments on their merits in its underlying decision.  So, to the extent Plaintiff challenges the district court's refusal to revisit its previous conclusions based on his reiterated arguments, the district court correctly recognized that Rule 60(b) is not an appropriate vehicle "'to reargue an issue previously addressed by the court'" based on previously available arguments. R. at 188 (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996)).

III

The district court's judgment is affirmed.  Plaintiff's motion to proceed on appeal without prepayment of costs and fees is granted.

Entered for the Court

Joel M. Carson III
Circuit Judge